**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT MCCANN, on behalf of himself and on behalf of all others similarly situated,**

    **Plaintiffs,**

**Case Number:**

**v.**

**BYNUM TRANSPORT, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT MCCANN, on behalf of himself and all others similarly situated (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby sue Defendant BYNUM TRANSPORT, INC. (hereinafter "Defendant"), and state as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay minimum wage under 29 U.S.C. § 206(a). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Polk County, Florida, which lies within the Middle District of Florida.

## PARTIES

4. Plaintiff Robert Mcann is a resident of the State of Florida.

5. Defendant is a family owned and operated liquid food-grade carrier headquartered in Auburndale, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material to this Complaint, Plaintiffs were employees of Defendant.

10. At all times material to this Complaint, Defendant was and is a for-profit corporation that is authorized to do business in the State of Florida.

11. At all times material hereto, Plaintiff was "engaged in the production of goods"

for commerce within the meaning of Sections 6 and 7 of the FLSA.

12. Plaintiff and the class are over-the-road truck drivers that transport the Defendant's customer's goods across the country resulting in days in which Plaintiff and the class are on duty for a continuous period of 24 hours or more.

13. While over-the-road transporting Defendant's customer's cargo, Plaintiff and the Class were responsible for their assigned trucks for more than twenty-four consecutive hours.

14. While over-the-road transporting Defendant's customer's cargo, Plaintiff and the Class were responsible for the cargo being transported in Defendant's assigned vehicles more than twenty-four consecutive hours.

15. While over-the-road transporting Defendant's customer's cargo, Plaintiff and the Class were confined to the general vicinity of Defendant's vehicle and the customer's cargo.

16. While driving over-the-road, Plaintiff and the Class regularly worked more than 16 hours per day because they were required to, among other things: (1) drive the truck; (2) wait for cargo to be loaded or unloaded while in the truck or its immediate vicinity; (3) fuel up the truck and perform routine maintenance to same; (4) remain in the vicinity of the truck to help protect the Defendant's truck and the customer's cargo; and (5) remain inside the truck when stopped to log time in the sleeper berth and help protect Defendant's truck and the customer's cargo.

17. There are no express or implied agreements between Defendant and Plaintiff and/or the Class to exclude bona fide meal periods or sleep time.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. §216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

19. At all times material hereto, Plaintiffs, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage provisions under 29 U.S.C. § 213.

20. Plaintiffs were requested to, or suffered or permitted to work, at some time during the Class Period for which they have not been properly compensated, in that they have not received the minimum wage required by the FLSA.

21. Plaintiffs herein have worked hours and have not received at least minimum wage for all hours worked, depriving them of their legal rights, guaranteed by the FLSA, to be paid at least minimum wage for all hours worked.

22. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

23. During the statutory period, as Defendant's Drivers, Plaintiffs and the similarly situated employees routinely were paid only a small amount per mile driven regardless of the actual hours worked.

24. Because Plaintiffs were entitled to at least minimum wages for those hours, Plaintiffs and the similarly situated employees have not been compensated for all hours worked.

25. As a result, Plaintiffs and the similarly situated employees suffered a loss of wages.

26. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §201, et seq.

27. Plaintiff is a "non-exempt" employee who is covered by the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

29. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30. During the statutory period, Plaintiffs and the Class worked for Defendant, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

31. Defendant failed to compensate Plaintiffs and the Class at a rate that was at least equal to the applicable federal minimum wage.

32. The Members of the Class are similarly situated because they all were over-the-road truck drivers while employed by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its employees at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

33. Plaintiff and the Class all were required to be on duty for a continuous period of 24 hours or more and time, though permitted to be up to eight hours per day, for sleep did not result in a period of time in which the Plaintiff and the Class were completely relieved of their duties and therefore, that time was not completely their own.

34. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C). As a result, Plaintiffs and the Members of the Class who have opted

in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

35. All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

36. As a result of the foregoing, Plaintiffs and the Class have suffered damages.

**WHEREFORE**, Plaintiffs and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of the Plaintiffs and the prospective Class that they seek to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid minimum wages of Plaintiffs and all opt-in Members of the Class;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiffs and opt-in Members of the Class at the applicable statutory minimum wage, as liquidated damages;

(h) Judgment against Defendant stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of January, 2020.

        Respectfully submitted,

        /s/ Brandon J. Hill
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **LUIS A. CABASSA**
        Florida Bar Number 0053643
        Direct Dial: 813-379-2565
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Ave., Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: lcabassa@wfclaw.com

        Email: jcornell@wfclaw.com
        Email: rcooke@wfclaw.com

        **And**

        **CHAD A. JUSTICE**
        Florida Bar Number: 121559
        **JUSTICE FOR JUSTICE LLC**
        1205 N Franklin Street, Suite 326
        Tampa, Florida 33602
        Direct No. 813-566-0550
        Facsimile: 813-566-0770
        E-mail: chad@getjusticeforjustice.com
        **Attorneys for Plaintiff**